KENNETH D. NYMAN
    ISB #3295
ANDERSON, JULIAN & HULL, LLP
250 South Fifth Street, Suite 700
P.O. Box 7426
Boise, Idaho  83707-7426
Tel:  (208) 344-5800

CHRIST T. TROUPIS
TROUPIS & SUMMER LAW OFFICE
1406 E. First St., Suite 101
P.O. Box 1367
Meridian, Idaho  83680

Attorneys for UNITED MINING CORPORATION

U.S. COURTS

00 OCT 10  PM 2: 27

RECEIVED _____
CAMERON S. BURKE
CLERK      IDAHO

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| UNITED MINING CORPORATION<br><br>    Plaintiff,<br><br>vs<br><br>BRUCE M. BABBIT, JR., Secretary of the Interior of the United States, UNITED STATES DEPARTMENT OF THE INTERIOR; IDAHO STATE OFFICE, UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>    Defendants | Case No. CV99-594S-MHW<br><br>FIRST AMENDED COMPLAINT |

COMES NOW Plaintiff, UNITED MINING CORPORATION, and for its causes of

**FIRST AMENDED COMPLAINT – 1**

action and claim for relief against the Defendants, and each of them, alleges as follows:

## JURISDICTION

1. This Court has jurisdiction of the matter under and pursuant to the following statutes:  **28 U.S.C. Sec. 1331**, because the action arises under the laws of the United States; **28 U.S.C. Sec. 1346**, because the United States, or its departments or agencies, are named Defendants herein; **5 U.S.C. Sec. 702** (the Administrative Procedure Act), because this action requests a review of a decision by defendant Bruce C. Babbitt, as Secretary of the Interior of the United States of America, in a proceeding initiated by the Bureau of Land Management; **28 U.S.C. Sec 2201, et. seq**. (The Declaratory Judgment Act), because this action seeks a declaration that certain mining claims are valid; and **28 U.S.C. Sec. 1361**, because this action seeks relief in the nature of an order of mandamus to compel officers and agencies of the United States to perform duties owed to the Plaintiff.

## PARTIES

2. Plaintiff, United Mining Corporation ("United Mining"), is an Idaho corporation which located and owns certain mining claims, known as "the KB claims", which are located along the Big Wood River Channel near Shoshone, Idaho situated within Sections 3, 10, 11, 14, and 15, T. 4 S., R. 18 E., Boise Meridian ("the KB claims).

3. At all times material hereto, Defendant Bruce M. Babbitt, Jr., was and is the duly appointed and acting Secretary of the Interior of the United States.  The Bureau of Land Management ("BLM") is a section of the Department of the Interior, and all

**FIRST AMENDED COMPLAINT – 2**

references herein to the BLM refer to Defendant Department of the Interior acting at the direction of Defendant Bruce Babbitt.

## GENERAL ALLEGATIONS

4. Although the BLM had for several decades examined the general area in which the KB claims are located, it did not deem the water-worn boulders in the Big Wood River Channel as valuable, and made no attempt to protect those boulders from appropriation under the public land laws, prior to the location of those claims by Plaintiff.

5. In 1992, an employee of United Mining who was looking for landscaping rocks discovered water-worn boulders in the area near the KB claims. The BLM suggested that a "community pit" be established for the sale of the boulders, and, after studying the deposit, BLM's appraisers concluded that the "highest and best use" of the area was, indeed, the removal of stone.

6. While United Mining was waiting for the BLM to complete the paperwork necessary to establish a community pit, it discovered that the BLM had determined that the boulders were "locatable minerals," as distinguished from salable or leasable minerals, and had allowed one of United Mining's competitors to locate mining claims for similar boulders on a nearby stretch of the Big Wood River Channel.

7. Plaintiff located the 14 KB claims on or about February 4 and 5, 1992, and filed the location notices for the claims with the BLM on April 23, 1992.

8. In the meantime, unbeknownst to Plaintiff, some employees of the BLM had decided that the boulders in the stretch of the Big Wood River Channel which now

**FIRST AMENDED COMPLAINT – 3**

contains the KB claims were so strikingly beautiful that they merited consideration for withdrawal from mineral entry altogether, and preservation as Wilderness.

9.  There has never been any dispute that the KB claims contain valuable locatable minerals which can be profitably extracted, and that the claims were properly located on BLM land which was available for mineral entry at the time of location.  The BLM nevertheless issued a "Prohibition of Mining" with respect to the KB claims, pending a hearing on whether the land covered by the claims is a "Great Natural Wonder," which, according to the BLM, renders them non-locatable under the mining laws.  A true and correct copy of that Decision is attached hereto, marked Exhibit A, and incorporated herein by this reference.  Defendant has and continues to prohibit Plaintiff from conducting mining operations and from removing minerals from the claims.

10.  The Federal Land Policy and Management Act of 1976 ("FLPMA") allows the Department of the Interior to withdraw public lands from mineral entry for the purpose of preserving wilderness values, but only if it follows certain specific administrative procedures, including notice, public hearing and the opportunity for administrative and legislative overview.  Section 204(a) of FLPMA [43 U.S.C. ¶1714(a)] specifically provides that:

> [T]he Secretary is authorized to make, modify, extend, or revoke withdrawals but only in accordance with the provisions and limitations of this section.

**FIRST AMENDED COMPLAINT – 4**

11.  In this case, the Department of the Interior essentially ruled that whenever it deems that lands merit withdrawal as Wilderness, the Department may, at its option, either take administrative action as required by the foregoing statutory procedure (FLPMA and the Wilderness Act), or simply deem that a withdrawal has automatically occurred without notice or action by the Department on the grounds that the public lands in question constitute a "Great Natural Wonder".

12.  On November 1, 1994, the Department of the Interior obtained an administrative order declaring the KB claims invalid on the grounds that Plaintiff had not established that the KB claims were more valuable for the extraction of minerals than for wilderness values.   A true and correct copy of that ruling is attached hereto, marked Exhibit B, and incorporated herein by this reference.

13.   Plaintiff appealed the decision of the administrative law judge to the Department of the Interior Board of Land Appeals (the "IBLA").  Department of the Interior regulations governing administrative appeals provide that the Secretary of the Interior may either allow the IBLA to decide an appeal or decide the matter himself. The Secretary of the Interior allowed the IBLA to decide the appeal and, on February 10, 1998, the IBLA reversed the administrative law judge and affirmed the validity of the KB claims.  A true and correct copy of that ruling is attached hereto, marked Exhibit C, and incorporated herein by this reference.

14.  On April 29, 1998, two months after the IBLA handed down its decision, certain third party intervenors filed a Petition for Secretary's Review asking that Defendant Babbitt assume jurisdiction over this case.  On October 30, 1998, Defendant

**FIRST AMENDED COMPLAINT – 5**

Babbitt published in the Federal Register (63 FR 58411-02) a notification that he was reviewing the IBLA decision, and that the IBLA decision was stayed pending that review.    Although Plaintiff objected to the request for review in that it was untimely, and that the Secretary no longer had authority to review the matter, Defendant allowed briefing on the issue, and, on May 15, 2000, signed a "Decision Upon Review of *United States v. United Mining Corporation*, 142 IBLA 339.  A true and accurate copy of that ruling is attached hereto, marked Exhibit D, and incorporated herein by this reference.

## COUNT I
## REQUEST FOR MANDAMUS RELIEF

15.  Plaintiff incorporates all of the preceding allegations in the Complaint as though fully set forth herein.

16.  Plaintiff perfected the KB claims in accordance with the requirements of the laws of the United States, and was therefore entitled under the Constitution of the United States and the mining laws enacted by the United State government, to take possession of the KB claims and to conduct mining operations and remove minerals from the claims.

17.  At all times material hereto, and continuing as of the date of this Complaint, the Defendants, and each of them had a non-delegable and non-discretionary administrative duty imposed by the statutes and laws of the United States to honor Plaintiff's duly recorded and perfected mining claims and right to the possession and use of the mining claims referred to above, and to permit Plaintiff to conduct mining operations and remove minerals from the claims.

FIRST AMENDED COMPLAINT – 6

18. Plaintiff filed its location notices for the KB claims on April 23, 1992. The decision of the administrative law panel was rendered on February 10, 1998 affirming the validity of the claims, and Plaintiff's right to conduct mining operations on those claims. The Secretary of the Interior held up that decision for almost two years - - almost eight years since Plaintiff acquired Constitutionally protected rights in the KB claims, and sought to conduct mining operations upon them. Plaintiff has no adequate and speedy remedy at law to ensure protection of its rights.

19. Defendant Bruce M. Babbitt, Jr., by and through his officers, agents and delegees, has effectively directed the BLM to prevent Plaintiff from conducting any mining operations on the KB claims and to prevent Plaintiff from removing any minerals from the claims.

20. The acts and failures to act of Defendants, as hereinabove alleged, are arbitrary, capricious, contrary to law, and contrary to the statutory and constitutional rights of the Plaintiff in and to the KB claims. Defendants owe to the Plaintiff a mandatory, ministerial and non-delegable administrative duty to allow Plaintiff to conduct mining operations and remove minerals from the KB claims. Notwithstanding such duties, they have refused and continue to refuse to perform the duties owed to Plaintiff. Plaintiff has no adequate remedy at law for the failure of the Defendants to honor its valid and enforceable mining claims and permit Plaintiff to conduct mining operations in accordance with its property rights therein.

**FIRST AMENDED COMPLAINT – 7**

## COUNT II
## APPEAL FROM ADMINISTRATIVE DECISION

21.  Plaintiff incorporates all of the preceding allegations in the Complaint as though fully set forth herein.

22.  The May 15, 2000 Decision of Secretary Babbitt was arbitrary, capricious, an abuse of discretion, and not in accordance with the law.

23.  The Department of the Interior did not follow the statutory procedures for withdrawing public lands from mineral entry for the purpose of preserving wilderness values.

24.  Having allowed the Interior Board of Land Appeals to decide the appeal of the case, the Secretary of the Interior cannot ignore the Board's decision and decide the case on his own.

24.  At the administrative hearing to determine the validity of the KB claims, the BLM presented evidence and argument concerning the present value of the KB claims for purposes other than mineral extraction or agricultural uses, and the evidence established that the land had no present value except for the extraction of stone.  The Secretary's decision to remand the case to another Administrative Law Judge for the purpose of presenting its wilderness values position a second time is an abuse of the administrative process and a violation of Plaintiff's due process rights.

24.  The uncontradicted evidence elicited at the administrative hearing to determine the validity of the KB claims supports Plaintiff's position -- and the decision of the Interior Board of Land Appeals -- that the claims are valid.

FIRST AMENDED COMPLAINT – 8

WHEREFORE, Plaintiff prays for relief as follows:

1.    That the Court enter its Order, in the nature of mandamus, pursuant to 28 U.S.C. Sec. 1361, adjudging that the Defendants are obliged to allow Plaintiff to conduct mining operations and remove water-worn boulders from the KB claims in exercise of its property rights under the United States Constitution.

2.    That the Court reverse the decision of the Secretary of the Interior and reinstate the decision of the Interior Board of Land Appeals, and declare the KB claims valid.

3..    That Plaintiff have and recover of Defendants its costs of action, including reasonable attorneys' fees incurred in bringing and maintaining the instant action, pursuant to the Equal Access to Justice Act, or otherwise according to law.

4.    That the Plaintiff have such other and further relief as to the Court seems just and equitable.


Dated: October 10, 2000.


By _____
Kenneth D. Nyman
Attorneys for Plaintiff
**UNITED MINING CORPORATION**


**FIRST AMENDED COMPLAINT – 9**

## CERTIFICATE OF SERVICE

I certify that on the 10th day of October, 2000 I caused to be mailed via First Class Mail a copy of the foregoing First Amended Complaint to the following:

> Warren S. Derbidge, Esq.
> ASSISTANT U.S. ATTORNEY
> Wells Fargo Center
> 877 West Main Street, Suite 201
> Boise, ID 83702

Kenneth D. Nyman

Also on the 10th day of October, 2000, I caused to be mailed via First Class Mail a copy of the foregoing First Amended Complaint (without attachments) to each of the following:

> Miriam Chapman, Attorney Advisor
> Division of General Law
> Office of the Solicitor
> U.S. Department of the Interior
> 1849 C Street, NW  Mail Stop 6352
> Washington, D.C.  20240

> Lisa Hemmer, Attorney Advisor
> Peter Schaumberg, Attorney Advisor
> Division of Mineral Resources
> Office of the Solicitor
> U.S. Department of the Interior
> 1849 C Street, NW  Mail Stop 6411
> Washington, D.C.  20240

> Kenneth M. Sebby
> U.S. Department of the Interior
> Office of the Solicitor
> Federal Building
> 550 West Fort Street, MSC 020
> Boise, ID  83724-0020

FIRST AMENDED COMPLAINT – 10

Scott W. Hardt
Kenneth D. Hubbard
Dorsey & Whitney LLP
370 Seventeenth Street
Denver, CO  80202-5644

Roger Flynn
The Western Mining Action Project
1405 Arapahoe Ave.
Boulder, CO  80302

Stephen D'Esposito
Mineral Policy Center
1612 K Street, N.W.
Suite 808
Washington, D.C.  20006

John D. Robb
Rodey, Kickason, Sloan, Akin
    & Robb
P.O. Box 1888
Albequerque, NM  87103

Don Sherwood
Stephen D. Alfers
Christopher Hayes
Alfers & Carver, LLC
Equitable Building, Suite 340
740 Seventeenth Street
Denver, CO  80202

Kenneth D. Nyman

**FIRST AMENDED COMPLAINT – 11**

# Attachments too voluminous to image

# See Court File