THOMAS E. MOSS
UNITED STATES ATTORNEY
WARREN S. DERBIDGE
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WELLS FARGO CENTER
877 WEST MAIN STREET, SUITE 201
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
**MAILING ADDRESS:**
  **BOX 32**
  **BOISE, IDAHO 83707**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

UNITED MINING CORPORATION,            )   Case No. CV 99-594-S-MHW
                                      )
    Plaintiff,                        )
                                      )
vs.                                   )
                                      )
BRUCE M. BABBIT, JR., Secretary of the)   FINAL ORDER
Interior of the United States, UNITED )
STATES OF AMERICA, UNITED STATES      )
DEPARTMENT OF INTERIOR, BUREAU        )
OF LAND MANAGEMENT                    )
                                      )
    Defendants.                       )

---

The parties having agreed to settle this litigation in the terms of a written settlement agreement dated February 4, 2002, which has been filed with the Court, and the Court being fully advised in the matter;

NOW, THEREFORE IT IS HEREBY ORDERED:

1. That Plaintiff's unpatented mining claims in the Big Wood River channel, KB-1 through KB-14 in Township 4 South, Range 18 East of the Boise Meridian, Idaho are null and void and of no effect.

2. That Plaintiff, United Mining Corporation, shall have an exclusive right to remove surface exposed sandstone within the unpatented mining claims HD-1 through HD-5, HD-7 through HD-12 and

FINAL ORDER - 1

Poison Creek Sandstone I, II and VII, as described in the settlement agreement for the term contained in the settlement agreement.

3. That Defendant, United States Department of Interior, shall place upon its land records an annotation providing notice to the public of United Mining Corporation's rights under the settlement agreement and operating plans.

4. That each party shall bear its own costs and attorney fees.

5. That this action be and hereby is dismissed with prejudice.

Dated this 4 day of March, 2002.

MIKEL H. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

FINAL ORDER - 2

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter "Agreement") between United Mining Corporation (hereinafter "United Mining"), a corporation organized and existing under the laws of the State of Idaho, and the Bureau of Land Management (hereinafter "BLM"), an agency of the United States Department of the Interior, under the direction of the Secretary of the Interior of the United States, is intended to effect the extinguishment of all claims arising out of the events set forth in the First Amended Complaint filed in the United States District Court for the District of Idaho, Case No. CV99-594S-MHW (hereinafter "Complaint") and all obligations arising under Material Sales Agreement 32916 (hereinafter "Agreement 32916"), both documents being hereby made a part of this release and incorporated by reference. This Agreement is intended to be binding and enforceable upon the terms stated herein, notwithstanding the fact that additional documentation may be required to carry out the terms of this agreement.

### RECITALS

Disputes and difference having arising between the parties with respect to the events described in the Complaint, the parties have agreed to execute this Agreement in settlement of such disputes and differences.

### TERMS AND CONDITIONS

In consideration of the mutual relinquishment of their respective legal rights with reference to the above referenced disputes and differences, in consideration of the execution of this Agreement, and for other consideration which the parties agree is adequate, the parties agree that as follows:

1. **The HD Claims.**

    1.1. United Mining may extract the surface exposed sandstone in the area covered or formerly covered by the following mining claims in Township 2 North, Range 5 West of the Boise Meridian, Owyhee County, Idaho:

    | Name | IMC No. | Legal Description |
    |---|---|---|
    | HD-1 | 172783 | N½ NW¼ SW¼  Sec. 8 |
    | HD-2 | 172784 | S½ NW¼ SW¼  Sec. 8 |
    | HD-3 | 172785 | N½ SW¼ SW¼  Sec. 8 |
    | HD-4 | 172786 | S½ SW¼ SW¼  Sec. 8 |
    | HD-5 | 172787 | E½ N½ NE¼ SE¼  Sec. 7 |
    | HD-7 | 172789 | N½ NE¼ SW¼  Sec. 8 |
    | HD-8 | 172790 | S½ NE¼ SW¼  Sec. 8 |
    | HD-9 | 172791 | N½ SE¼ SW¼  Sec. 8 |

*SETTLEMENT AGREEMENT AND MUTUAL RELEASE – 1*

| | | |
|---|---|---|
| HD-10 | 172792 | E½ S½ SE¼ SW¼ Sec. 8 |
| HD-11 | 172793 | S½ SW¼ SE¼ Sec. 8 |
| HD-12 | 172794 | N½ NW¼ NE¼ Sec. 17 |

1.2. United Mining shall not be obligated to pay any royalties or other compensation for the surface exposed sandstone removed pursuant to this Agreement. United Mining shall be obligated to reclaim areas from which stone has been removed.

1.3. United Mining is entitled to remove all of the surface exposed sandstone which it reasonably believes it can remove and sell for a profit, in accordance with any NEPA identified mitigation and plan of operation.

1.4. United Mining and the BLM will enter into an operating plan containing the same provisions (other than the provisions of this agreement) as the operating plan presently in effect for the sandstone on the HD-2, HD-3 and HD-5 claims.

1.5. The BLM will take action immediately to complete compliance with the National Environmental Policy Act (NEPA) process for the HD claims area not encompassed by Agreement I-32916. BLM will complete the necessary NEPA documentation and other necessary paperwork by July 31, 2002, or as soon thereafter as practicable. United Mining may, at any time, expedite the process via funding an approved third-party contractor to prepare NEPA documentation pursuant to a Memorandum of Understanding between United Mining and BLM.

1.6. The term of this Agreement will be eight (8) years, commencing on the date that both the operating plan and the environmental assessment are completed. No annual assessment fees will be payable during the term of this Agreement.

1.7. United Mining or its assignee(s) will have the exclusive right to remove sandstone from the area described in paragraph 1.1. The BLM will not unreasonably withhold its approval of United Mining's assignment or assignments of all or part of its rights under this Agreement.

2. **Poison Creek Sandstone claims.**

    2.1. United Mining may extract the sandstone in the area covered or formerly covered by the following mining claims in Township 2 North, Range 5 West of the Boise Meridian, Owyhee County, Idaho:

| | | |
|---|---|---|
| **Poison Creek Sandstone I** | 158986 | E½ NW¼ NW¼ Sec. 21 |
| **Poison Creek Sandstone II** | 158987 | W½ NE¼ NW¼ Sec. 21 |

*SETTLEMENT AGREEMENT AND MUTUAL RELEASE – 2*

Poison Creek Sandstone VII    163908    E½ NE¼ NW¼ Sec. 21.

- 2.2. United Mining shall not be required to pay any advanced or minimum royalty to BLM. United Mining shall pay the BLM a royalty of $18.75 per ton for sandstone removed pursuant to this Agreement, payable at any time United Mining shall choose before extraction. The BLM will credit any unearned advance royalties that United Mining has concerning Agreement I-32916 to any monies due hereunder for the Poison Creek claims.

- 2.3. United Mining shall secure a standard BLM reclamation bond.

- 2.4. United Mining is entitled to remove all of the surface exposed sandstone which it reasonably believes it can remove and sell for a profit in accordance with any NEPA identified mitigation and plan of operation.

- 2.5. United Mining and the BLM will enter into an operating plan containing the same provisions (other than the provisions of this agreement) as the operating plan presently in effect for the sandstone on the HD-2, HD-3 and HD-5 claims.

- 2.6. The BLM will take action immediately to complete compliance with the National Environmental Policy Act (NEPA) process for the HD claims area not encompassed by Agreement I-32916. BLM will complete the necessary NEPA documentation and other necessary paperwork by July 31, 2002, or as soon thereafter as practicable. United Mining may, at any time, expedite the process via funding an approved third-party contractor to prepare NEPA documentation pursuant to a Memorandum of Understanding between United Mining and BLM.

- 2.7. The term of this Agreement will be three (3) years, commencing on the date that both the operating plan and the environmental assessment are completed. No annual assessment fees will be payable during the term of this Agreement.

- 2.8. United Mining or its assignee(s) will have the exclusive right to remove sandstone from the area described in paragraph 2.1. The BLM will not unreasonably withhold its approval of United Mining's assignment or assignments of all or part of its rights under this Agreement.

3. This agreement supercedes the terms of 43 CFR, Group 3600 and the BLM's standard contract for the sale of units of materials, and neither 43 CFR, Group 3600 nor the terms in the BLM's standard contract for the sale of units of materials shall apply to this transaction.

4.  United Mining will not be obligated to pay any monies to the BLM other than the $18.75 per ton royalty on the Poison Creek Claims and a reclamation bond not to exceed $10,000, or the reasonable costs for reclamation if not completed by United Mining or its assignee(s).

5.  The BLM will conduct any environmental assessments as quickly as possible, will fully cooperate with United Mining, and use its best efforts to enable United Mining to extract the sandstone on the above-referenced claims as soon as possible. United Mining will be responsible to undertake or to fund necessary mitigation measures, if any, identified or to avoid activity in sensitive areas. Each party represents to the other that, at the time this agreement is executed, they are not aware of any reason that any of the area covered by this agreement will be regarded as a sensitive area under NEPA.

6.  United Mining will abandon the unpatented KB-1 through KB-14 "Holystone" placer mining claims in the Big Wood River channel, in Township 4 South, Range 18 East of the Boise Meridian, Idaho;

7.  The parties mutually agree that Agreement 32916 shall be amended to delete the obligation by United Mining to pay for stone removed, but shall continue in force to authorize removal of stone from the area described.

8.  United Mining and the BLM each hereby remise, release, acquit, and forever discharge the other party to this agreement and all other persons and entities which have or may in the future claim any right or interest through or on behalf of them, of and from any and all known and unknown, foreseen and unforseen, claims, actions, causes of action, demands, rights, damages, costs, liabilities, obligations, whatsoever which the undersigned now have or which may hereafter accrue on account of or in any way grow out of the matters that are being litigated in Case No. CV99-594S-MHW, U.S. District Court for the District of Idaho.

9.  The action pending between the parties, being Case No. CV99-594S-MHW in the United States District Court for the District of Idaho shall be dismissed with prejudice and without costs.

10. The parties agree to execute all additional documents and take such further steps as shall be required to effectuate and carry out the performance of this Agreement.

11. In the event of any legal action to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of costs, including attorney fees, pursuant to 28 USCA § 2412 (d) (1).

*SETTLEMENT AGREEMENT AND MUTUAL RELEASE – 4*

12. All parties hereto acknowledge that at the time of the execution of this Agreement, each has fully read the agreement; has consulted with or had the opportunity to consult with legal counsel; and is fully informed concerning the scope, binding legal effect, terms, and conditions of this Agreement. Each party hereto acknowledges that they have relied entirely on their own counsel and their knowledge and assessment of the circumstances in entering into this Agreement. Each person subscribing his or her signature hereto represents that he or she is authorized to enter into this Agreement on his or her personal behalf and on behalf of any entity on whose behalf he or she executes it.

DATED this 4th day of February, 2002.

United Mining Corporation

By _____
Authorized Representative

Approved as to form and content:

By _____
Attorney for United Mining Corporation

United States Department of the Interior; Idaho State Office, United States Department of the Interior, Bureau Land Management

By _____
Authorized Representative

Approved as to form and content:

By _____
Assistant U.S. Attorney

*SETTLEMENT AGREEMENT AND MUTUAL RELEASE - 5*

```
                                                              dkh
              United States District Court
                        for the
                   District of Idaho
                    March 4, 2002


              * * CLERK'S CERTIFICATE OF MAILING * *


Re:  1:99-cv-00594



I certify that a copy of the attached document was mailed or faxed to the
following named persons:


     Kenneth D Nyman, Esq.
     802 W Bannock #900
     Boise, ID  83702

     Christ T Troupis, Esq.
     TROUPIS & SUMMER
     PO Box 1367
     Meridian, ID  83680

     Kenneth D Nyman, Esq.
     ANDERSON JULIAN HULL
     250 S 5th St #700
     Boise, ID  83707-7426

     Warren S Derbidge, Esq.
     US ATTORNEY'S OFFICE
     Box 32
     Boise, ID  83707



     _____Chief Judge B. Lynn Winmill
     _____Judge Edward J. Lodge
     _____Chief Magistrate Judge Larry M. Boyle
     __✓__Magistrate Judge Mikel H. Williams



                                        Cameron S. Burke, Clerk

Date:      3-4-02                  BY:  _____
                                            (Deputy Clerk)
```